DOCUMENT 2

ELECTRONICALLY FILED
4/24/2017 1:41 PM
26-CV-2017-900060.00
CIRCUIT COURT OF
DALE COUNTY, ALABAMA
DELORES WOODHAM, CLERK

## IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

| | |
|---|---|
| **HAVEN LOWE, JR.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CASE NO.: 26-CV-2017-_____** |
| **vs.** ) | |
| ) | *Jury Trial Demanded* |
| ) | |
| ) | |

**FEDEX GROUND PACKAGING SYSTEM, INC.;** and other entities who may be individuals or legal entities whose true names and identities are unknown to the Plaintiff at this time, who may be legally responsible for the claims set forth herein, and who may be added by amendment by the Plaintiff when the identity is accurately ascertained by further discovery; until that time, the Plaintiff will designate these parties in accordance with Alabama Rules of Civil Procedure 9(h). The word entity as used herein is intended to refer to and include all legal entities, including individual persons, any and all forms of partnerships, any and all types of corporations and unincorporated associations. The symbol by which these party Defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one entity. In the present action, the party Defendants which the Plaintiff will include by descriptive characterization, at this time, are as follows: Fictitious Defendants 1, 2, 3, 4, 5: those entities who negligently entrusted a vehicle to an unknown driver of FedEx Ground Package System, Inc. on the occasion made the basis of this action; Fictitious Defendants 6, 7, 8, 9, 10: those entities acting individually or by and through their agents, servants or employees whose negligent, willful and/or wanton acts proximately caused or contributed to the injuries, damages suffered by Plaintiff on the occasion made the basis of this action; Fictitious Defendants 11, 12, 13, 14, 15: those entities who were driving or operating the vehicle involved on the occasion made the basis of this action; Fictitious Defendants 16, 17, 18, 19, 20: those entities who were the owners of the vehicle involved in the accident with the motor-vehicle owned and operated by the Plaintiff on the occasion made the basis of this action; Fictitious Defendants 21, 22, 23, 24, 25: those entities on whose behalf the vehicle involved in the accident with the motor vehicle owned and operated by the Plaintiff on the occasion made the basis of this action was being driven or operated; Fictitious Defendants 26, 27, 28, 29, 30: those entities who were responsible for the care, maintenance, condition or state or repair of the Defendants' vehicle involved in the collision with the motor vehicle owned and operated by the Plaintiff on the occasion made the basis of this Complaint; Fictitious Defendants 31, 32, 33, 34, 35: those entities for whom an unknown driver of FedEx Ground Packaging System, Inc. was providing services at the time of the accident on the occasion made the basis of this Complaint; Fictitious Defendant 36, 37, 38, 39, 40: those entities who were the master, principal or employer of the unknown driver of FedEx Ground Packaging System, Inc. at the time of the accident on the occasion made the basis of this Complaint; Fictitious Defendants 41, 42, 43, 44, 45: those entities who otherwise were responsible for the injuries and damages suffered by the Plaintiff as set out in the Complaint.

)

**Defendants.**                                                    )

## COMPLAINT

**COMES NOW** the Plaintiff in the above-styled action, by and through his attorney of record, and as the basis for the relief hereinafter prayed for states as follows:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff, Haven Lowe, Jr., is and was at all times material hereto a resident of Taylor, Houston County, Alabama.

2. Upon information and belief, Defendant, FedEx Ground Package System, Inc., is a company licensed to do business in the state of Alabama, with its principal place of business located in Pittsburg, Pennsylvania.

3. This cause of action arises out of an auto accident, which occurred on Highway US-231 in Newton, Dale County, Alabama.

4. The amount of controversy exceeds the jurisdictional limits of this court, exclusive of interest and cost.

### STATEMENT OF FACTS

5. On or about July 18, 2016, Plaintiff Haven Lowe, Jr. was the driver of a 2005 Chevrolet Cobalt.

6. At that time and place, an unknown driver employed by Defendant FedEx Ground Package System, Inc., while acting within the line and scope of his or her employment with FedEx Ground Package System, Inc., was traveling on Highway US-231.

7. The unknown driver of Defendant, FedEx Ground Package System, Inc., while acting within the line and scope of his or her employment, negligently, recklessly, and or wantonly allowed the vehicle he or she was driving to force Plaintiff Haven Lowe, Jr. off of the highway.

## COUNT ONE

8. Plaintiff re-alleges all relevant paragraphs above as is specifically set out herein and hereby incorporate by reference.

9. On or about July 18, 2016, Plaintiff, Haven Lowe, Jr., was the driver of a 2005 Chevrolet Cobalt.

10. At that time and place, an unknown driver of Defendant FedEx Ground Package System, Inc., while acting within the line and scope of his or her employment was traveling on Highway US-231.

11. The unknown driver of Defendant, FedEx Ground Package System, Inc., while acting within the line and scope of his or her employment, negligently, recklessly, and/or wantonly failed to keep a proper lookout and allowed the vehicle he or she was driving to force the vehicle driven by Haven Lowe, Jr. off of the highway.

12. As direct and proximate result of the aforementioned negligence, recklessness, and/or wantonness, Plaintiff, Haven Lowe, Jr., was caused to suffer but not limited to the following damages:

   a. Plaintiff was caused to suffer personal injuries;
   b. Plaintiff was caused to suffer pain, suffering and mental anguish;
   c. Plaintiff was caused to suffer lost wages;
   d. Plaintiff was caused to suffer permanent injuries;
   e. In and about his efforts to cure and heal his injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, Haven Lowe, Jr., has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the Jury shall find, plus costs of this action.

## COUNT TWO

13. Plaintiff re-alleges all relevant paragraphs above as is specifically set out herein and hereby incorporate by reference.

14. The named Defendants and the Fictitious Defendants 1, 2, 3, 4, 5 are those entities who negligently entrusted a vehicle to the unknown FedEx driver on the occasion made the basis of this action.

15. As direct and proximate result of the aforementioned negligence and entrustment, Plaintiff, Haven Lowe, Jr., was caused to suffer but not limited to the following damages:

    a. Plaintiff was caused to suffer personal injuries;

    b. Plaintiff was caused to suffer pain, suffering and mental anguish;

    c. Plaintiff was caused to suffer lost wages;

    d. Plaintiff was caused to suffer permanent injuries;

    e. In and about his efforts to cure and heal his injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, Haven Lowe, Jr., has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the Jury shall find, plus costs of this action.

## COUNT THREE

16. Plaintiff re-alleges all relevant paragraphs above as is specifically set out herein and hereby incorporate by reference.

17. The named Defendants and those Fictitious Defendants 6, 7, 8, 9, 10 are those entities acting individually or by and through their agents, servants or employees whose negligent, reckless, willful and/or wanton acts proximately caused or contributed to the injuries, damages suffered by Plaintiff on the occasion made the basis of this action.

4

18. As direct and proximate result of the aforementioned negligence and wantonness, Plaintiff Haven Lowe, Jr., was caused to suffer but not limited to the following damages:

    a. Plaintiff was caused to suffer personal injuries;

    b. Plaintiff was caused to suffer pain, suffering and mental anguish;

    c. Plaintiff was caused to suffer lost wages;

    d. Plaintiff was caused to suffer permanent injuries;

    e. In and about his efforts to cure and heal his injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, Haven Lowe, Jr., has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the Jury shall find, plus costs of this action.

## COUNT FOUR

19. Plaintiff re-alleges all relevant paragraphs above as is specifically set out herein and hereby incorporate by reference.

20. The named Defendants and those Fictitious Defendants 11, 12, 13, 14, 15 are those entities who were driving or operating the vehicle involved on the occasion made the basis of this action.

21. As direct and proximate result of the aforementioned negligence, recklessness, and/or wantonness, Plaintiff, Haven Lowe, Jr., was caused to suffer but not limited to the following damages:

    a. Plaintiff was caused to suffer personal injuries;

    b. Plaintiff was caused to suffer pain, suffering and mental anguish;

    c. Plaintiff was caused to suffer lost wages;

    d. Plaintiff was caused to suffer permanent injuries;

    e. In and about his efforts to cure and heal his injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, Haven Lowe, Jr., has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages and such other damages as are appropriate under the law in such sums as the evidence may show and the Jury shall find, plus costs of this action.

### COUNT FIVE

22.   Plaintiff re-alleges all relevant paragraphs above as is specifically set out herein and hereby incorporate by reference.

23.   The named Defendants and those Fictitious Defendants 16, 17, 18, 19, 20 are those entities who were the owners of the vehicle involved in the accident with the motor-vehicle operated by Haven Lowe, Jr. on the occasion made the basis of this action.

24.   As direct and proximate result of the aforementioned negligence, recklessness, and/or wantonness, Plaintiff, Haven Lowe, Jr., was caused to suffer but not limited to the following damages:

    a. Plaintiff was caused to suffer personal injuries;

    b. Plaintiff was caused to suffer pain, suffering and mental anguish;

    c. Plaintiff was caused to suffer lost wages;

    d. Plaintiff was caused to suffer permanent injuries;

    e. In and about his efforts to cure and heal his injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, Haven Lowe, Jr., has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the Jury shall find, plus costs of this action.

## COUNT SIX

25. Plaintiff re-alleges all relevant paragraphs above as is specifically set out herein and hereby incorporate by reference.

26. The named Defendants and those Fictitious Defendants 21, 22, 23, 24, 25 are those entities on whose behalf the vehicle involved in the accident with the motor vehicle operated by the Plaintiff on the occasion made the basis of this action was being driven or operated.

27. As direct and proximate result of the aforementioned negligence, recklessness, and/or wantonness, Plaintiff, Haven Lowe, Jr., was caused to suffer but not limited to the following damages:

    a. Plaintiff was caused to suffer personal injuries;

    b. Plaintiff was caused to suffer pain, suffering and mental anguish;

    c. Plaintiff was caused to suffer lost wages;

    d. Plaintiff was caused to suffer permanent injuries;

    e. In and about his efforts to cure and heal his injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, Haven Lowe, Jr., has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damage, and such other damages as are appropriate under the law in such sums as the evidence may show and the Jury shall find, plus costs of this action.

## COUNT SEVEN

28. Plaintiff re-alleges all relevant paragraphs above as is specifically set out herein and hereby incorporate by reference.

29. The named Defendants and those Fictitious Defendants 26, 27, 28, 29, 30 are those entities who were responsible for the care, maintenance, condition or state or repair of the

Defendants' vehicle involved in the motor vehicle accident of Haven Lowe, Jr. on the occasion made the basis of this Complaint.

30. As direct and proximate result of the aforementioned negligence, recklessness, and/or wantonness, Plaintiff, Haven Lowe, Jr., was caused to suffer but not limited to the following damages:

    a. Plaintiff was caused to suffer personal injuries;

    b. Plaintiff was caused to suffer pain, suffering and mental anguish;

    c. Plaintiff was caused to suffer lost wages;

    d. Plaintiff was caused to suffer permanent injuries;

    e. In and about his efforts to cure and heal his injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, Haven Lowe, Jr., has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the Jury shall find, plus costs of this action.

## COUNT EIGHT

31. Plaintiff re-alleges all relevant paragraphs above as is specifically set out herein and hereby incorporate by reference.

32. The named Defendants and those Fictitious Defendants 31, 32, 33, 34, 35 are those entities for whom an unknown driver of FedEx Ground Package Systems, Inc., was providing services at the time of the accident on the occasion made the basis of this Complaint.

33. As direct and proximate result of the aforementioned negligence, recklessness, and/or wantonness, Plaintiff, Haven Lowe, Jr., was caused to suffer but not limited to the following damages:

    a. Plaintiff was caused to suffer personal injuries;

    b. Plaintiff was caused to suffer pain, suffering and mental anguish;

    c. Plaintiff was caused to suffer lost wages;

    d. Plaintiff was caused to suffer permanent injuries;

    e. In and about his efforts to cure and heal his injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

    **WHEREFORE**, the Plaintiff, Haven Lowe, Jr., has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for enjoyment of life, medical care and treatment, punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the Jury shall find, plus costs of this action.

## COUNT NINE

    34. Plaintiff re-alleges all relevant paragraphs above as is specifically set out herein and hereby incorporate by reference.

    35. The named Defendants and those Fictitious Defendants 36, 37, 38, 39, 40 are those entities who were the master, principal or employer of Haven Lowe, Jr. at the time of the accident on the occasion made the basis of this Complaint.

    36. As direct and proximate result of the aforementioned negligence, recklessness, and/or wantonness, Plaintiff, Haven Lowe, Jr., was caused to suffer but not limited to the following damages:

    a. Plaintiff was caused to suffer personal injuries;

    b. Plaintiff was caused to suffer pain, suffering and mental anguish;

    c. Plaintiff was caused to suffer lost wages;

    d. Plaintiff was caused to suffer permanent injuries;

    e. In and about his efforts to cure and heal his injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

    **WHEREFORE**, the Plaintiff, Haven Lowe, Jr., has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment,

punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the Jury shall find, plus costs of this action.

## COUNT TEN

37. Plaintiff re-alleges all relevant paragraphs above as is specifically set out herein and hereby incorporate by reference.

38. The named Defendants and those Fictitious Defendants 41, 42, 43, 44, 45 are those entities who otherwise were responsible for the injuries and damages suffered by the Plaintiff as set out in the Complaint.

39. As direct and proximate result of the aforementioned negligence, recklessness, and/or wantonness, Plaintiff, Haven Lowe, Jr., was caused to suffer but not limited to the following damages:
   a. Plaintiff was caused to suffer personal injuries;
   b. Plaintiff was caused to suffer pain, suffering and mental anguish;
   c. Plaintiff was caused to suffer lost wages;
   d. Plaintiff was caused to suffer permanent injuries;
   e. In and about his efforts to cure and heal his injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, Haven Lowe, Jr., has been injured and has been otherwise damaged, thus seek damages for personal injury, Pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the Jury shall find, plus costs of this action.

Respectfully submitted, this 24th day of April 2017.

                                             **JACOBY & MEYERS, LLC**

                                             */s/ Carl E. Underwood, III.*
                                             **CARL E. UNDERWOOD, III (UND011)**
                                             *Attorney for Plaintiff*

300 North Foster Street
Dothan, Alabama 36303
(334) 794-8000- telephone
(334) 699-6885- facsimile
carl.underwood@jacobymeyers.com

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

SERVE DEFENDANT BY CERTIFIED MAIL AT:

FEDEX GROUND PACKAGE SYSTEM, INC.
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104

/s/ Carl E. Underwood, III
**Of Counsel**